# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

OUATI K. ALI,

                Plaintiff,

v.

SCOTT ECKSTEIN, MICHELLE HAESE, MICHAEL DONOVAN, ALAN DEGROOT, KELLY SALINAS, and CINDY O'DONNELL,

                Defendants.

Case No. 16-CV-1518-JPS

**ORDER**

      Plaintiff, who is incarcerated at Green Bay Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $9.05. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff states that he is an adherent of Islam. (Docket #1 at 2). In 2016, the Muslim holy month of Ramadan, which involves fasting from morning to evening, lasted from June 6 to July 5. On April 1, 2016, Plaintiff sent a request to the prison Chapel Services department, asking that he be provided a "religious diet form," which he would use to request an appropriate meal for the Eid-al-Fitr feast at the close of Ramadan. *Id.* Plaintiff also filed a request to be placed on the list for "Ramadan participation" beginning on

June 6, 2016. *Id.* On April 4, 2016, in response to his first request, Chaplin Donovan ("Donovan") of Chapel Services sent Plaintiff a "new religious practice or property" form, which Plaintiff alleges was not the form he requested and not the proper form for the meal request. *Id.* Plaintiff further claims that Donovan did not respond at all to Plaintiff's second request—that he be placed on the list for Ramadan participation. *Id.*

On April 5, 2016, Plaintiff sent an "interview/information" request form to Donovan, inquiring as to whether he had been placed on the list for Ramadan observance. *Id.* On April 13, 2016, Donovan responded, stating that the deadline to sign up for Ramadan observance was April 7, 2016. *Id.* at 3. Donovan further stated that "Management would not allow me (Donovan) to put a memo on channel 8, posting a deadline date." *Id.* The Court gathers that "channel 8" is an intra-prison television channel that provides announcements and other information to inmates, including deadlines for submitting forms such as the Ramadan participation form.

On April 15, 2016, Plaintiff encountered Donovan while on his way to dinner. *Id.* Plaintiff again requested that he be placed on the Ramadan observance list, noting that his request was timely made on April 1. *Id.* Donovan suggested that Plaintiff should write to Program Director Michelle Haese ("Haese") and ask that she help rectify Donovan's error. *Id.* Plaintiff wrote to Haese the same day. *Id.* She allegedly responded on April 16, 2016, stating that Plaintiff should "[b]e patient" as she was "trying to resolve the problem." *Id.*

On April 18, 2016, Plaintiff filed a complaint with the prison complaint examiner regarding his problems in attempting to participate in Ramadan.

Page 4 of 9

Case 2:16-cv-01518-JPS    Filed 12/19/16    Page 4 of 9    Document 8

*Id.* On or around April 22, 2016, Plaintiff spoke with the prison warden, Scott Eckstein ("Eckstein"), and prison Security Director, John Kind, regarding these problems. *Id.* Plaintiff alleges that the three men discussed Plaintiff's failure to receive notice of the deadline to sign up for Ramadan participation. *Id.* Apparently, the prison had replaced using "channel 8" for notifying inmates of such deadlines, though Plaintiff does not describe what the new notification system was. *Id.* During this conversation, Eckstein agreed that the new notification system was not working and stated that other inmates had complained of not being notified of the Ramadan sign-up deadline. *Id.* Eckstein also agreed, according to Plaintiff, that there was no notice given to inmates that there were going to be changes to the manner in which inmates were notified of upcoming deadlines related to religious matters. *Id.* Plaintiff alleges that "[a]t the end of our discussion, Warden Eckstein had reassured me that he [would] look into the issue." *Id.*

On May 11, 2016, complaint examiner Alan DeGroot ("DeGroot") dismissed Plaintiff's April 18 complaint. *Id.* DeGroot reasoned that: (1) Plaintiff had not informed Haese that he wanted to participate in Ramadan; (2) Plaintiff could fast on his own, without the provision of a morning and evening meal from the kitchen staff, and feed himself in the morning and evening at his own expense with food purchased from the canteen or by saving food from the meals he was given during the day. *Id.* Eckstein reviewed and confirmed DeGroot's decision. *Id.* On May 20, 2016, Plaintiff appealed the decision, which was affirmed on June 14, 2016 by complaint examiner Kelly Salinas ("Salinas"). *Id.* On July 13, 2016, Cindy O'Donnell ("O'Donnell"), of the Wisconsin Department of Corrections Office of the

Secretary, confirmed the complaint examiner's decision, too. *Id.* In his complaint, Plaintiff prays for money damages against each of the named defendants. *Id.* at 4.

Plaintiff's complaint fails to state a claim upon which relief may be granted for a number of reasons. First, Plaintiff must tell the Court what injury he suffered. Was he unable to participate in Ramadan at all, or was he able to participate in Ramadan but with accommodations from the prison? A defendant must be placed on notice of what injury Plaintiff claims he suffered.

Second, once Plaintiff identifies his injury or injuries, he must clearly identify which of his rights he believes were violated by which of the named defendants. In particular, if Plaintiff is seeking to recover under 42 U.S.C. § 1983 for constitutional violations by these defendants, he should so state. If he has some other theory for recovery, he should make that clear. Without tying his case to a particular cause of action, the Court has no way to analyze Plaintiff's claims.

Finally, if Plaintiff is pursuing a Section 1983 claim against these defendants, he must better define what constitutional rights he alleges were violated and how each defendant violated them. Further elucidation is important here, because each of these defendants might be held liable for different conduct and for different reasons. For instance, it appears that Plaintiff may have been denied the ability to participate in Ramadan with accommodations from the prison, which could be viewed as a deprivation of Plaintiff's right to free exercise of his religion under the First Amendment. To state such a claim, Plaintiff must allege facts showing that the defendants "personally and unjustifiably placed a substantial burden on his religious

practices." *Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016); *see also Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005). As to other defendants, however, it appears that Plaintiff attacks their responses to his inmate complaints, which might implicate his due-process rights under the Fourteenth Amendment. For this species of constitutional claim, Plaintiff "must show that [the defendants] deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995).

To rectify these problems, the Court will permit Plaintiff to amend his complaint. If he wants to proceed, Plaintiff must file an amended complaint curing the deficiencies in the original complaint as described herein. The amended complaint must be filed on or before **January 9, 2017**. Failure to file an amended complaint within this time period may result in dismissal of this action. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff is further advised that a successful complaint alleges "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general

matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that on or before **January 9, 2017**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Plaintiff's prisoner trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to

institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge