# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OUATI K. ALI,<br><br>         Plaintiff,<br><br>v.<br><br>MICHELLE HAESE,<br>SCOTT ECKSTEIN, and<br>MICHAEL DONOVAN,<br><br>         Defendants. | Case No. 16-CV-1518-JPS<br><br><br>**ORDER** |

   On December 19, 2016, the Court screened Plaintiff's original complaint. (Docket #8). The Court found that Plaintiff failed to state any viable claims for relief but permitted him to amend his complaint. *Id.* at 6–7. Plaintiff submitted an amended complaint on December 29, 2016. (Docket #9). The Court screened the amended complaint, finding that Plaintiff could proceed on a First Amendment claim against the prison chaplain, Michael Donovan ("Donovan"), the social service program director, Michelle Haese ("Haese"), and the warden, Scott Eckstein ("Eckstein") for deprivation of the right to free exercise of Plaintiff's religion. (Docket #10). These Defendants allegedly caused or participated in causing Plaintiff's exclusion from participation in the 2016 Ramadan fast. *See id.* at 5–8.

   Despite being permitted to proceed, on February 21, 2017, Plaintiff submitted yet another amended complaint. (Docket #17). As noted in the first screening order, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee

of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). All of the standards cited in the first screening order remain applicable here. (Docket #8 at 1–3).

Plaintiff's allegations in the second amended complaint largely track those made in the first amended complaint. *Compare* (Docket #9), *with* (Docket #17). Because this is the Court's third screening order in the short life of this case thus far, it will for brevity's sake assume familiarity with its prior screening orders and discuss only Plaintiff's new allegations. *See* (Docket #8 and #10).

First, with respect to his claim that Haese denied him the ability to participate in the 2016 Ramadan fast, Plaintiff adds a few new factual details. (Docket #17 ¶¶ 20–24). Likewise, Plaintiff has included more specific factual allegations about his free exercise claim against Eckstein. *Id.* ¶ 25. The Court has already permitted Plaintiff to proceed against these defendants on his First Amendment free exercise claim, and the additional detail Plaintiff has provided does not require the Court to revisit that decision. *See* (Docket #10 at 5–8).[1]

---

[1] Plaintiff also included a few additional allegations about inmate complaint examiner Alan DeGroot ("DeGroot"), who was named as a defendant in the original and first amended complaints. *See* (Docket #17 ¶¶ 26–27). These allegations pertain to DeGroot's response to Plaintiff's inmate grievance regarding his inability to sign up for the 2016 Ramadan fast. *Id.* Plaintiff does not seek to name DeGroot as a defendant, however, and does not allege that any of DeGroot's conduct was wrongful.

Plaintiff's other new allegations are, however, problematic. He has added several pages of new claims arising from alleged misconduct occurring since December 31, 2016. *See id.* ¶¶ 28–36. Plaintiff states that he wrote to Haese on that date with a complaint about rules in his new prison dorm, which he believed interfered with his daily prayers as a practicing Muslim. *Id.* ¶ 28. He claims he was transferred to this new dorm because Haese was in charge of his old dorm, suggesting that the prison was trying to avoid any possibility of the appearance of reprisal for the instant suit. *See id.* Next, on January 6, 2017, Plaintiff was placed in segregation after he wrote a letter to the "Muslim Volunteer" at the Green Bay Correctional Institution. *Id.* ¶ 29. On January 9, 2017, Plaintiff received some of his property while in segregation, but many of his legal papers were missing. *Id.* ¶ 30.

On January 13, 2017, Program Supervisor Catherine Francios ("Francios") issued Plaintiff a major conduct report for "soliciting an employee," in violation of Wisconsin Department of Corrections rules. *Id.* ¶ 31. He concedes that "[t]he allegations were partially true," but asserts that "the merits could be contested by documents of authorization, evidence, and witnesses for the Plaintiff, during the hearing." *Id.* Plaintiff believes he was denied that evidence however, since he next alleges that on January 23, 2017, Security Supervisor Brian Bauman ("Bauman") denied Plaintiff's request for a witness to appear at his hearing on the conduct report. *Id.* ¶ 32. That same day, Plaintiff had sent Francios a request for documents and evidence underlying the conduct report. *Id.* ¶ 33. She did not respond. *Id.*

On January 26, 2017, Plaintiff requested a postponement of the hearing since he did not have the documents he requested from Francios. *Id.* ¶ 34. The

hearing examiner for the conduct report hearing, Patrick Brant ("Brant"), denied the request. *Id.* ¶ 35. Brant found the conduct report was valid, in whole or in part (Plaintiff does not say), and imposed 30 days of "disciplinary separation" as a sanction. *Id.*

Finally, on February 16, 2017, Plaintiff alleges that he met with Lieutenant Faltyski, Program Review Committee Supervisor R. Mohnen, and Haese. *Id.* ¶ 36. During the meeting, Haese told Plaintiff that his medium-custody status was being revoked as a result of his receiving a major conduct report. *Id.* Plaintiff claims Haese had a conflict of interest during this meeting, presumably because she is a defendant in the instant suit. *See id.*

On these allegations, Plaintiff re-alleges his claim that he was denied participation in the 2016 Ramadan fast in violation of his First Amendment right to the free exercise of his religion. *Id.* ¶ 37. He also adds, based on the new allegations arising since December 31, 2016, a claim for deprivation of procedural due process, as guaranteed by the Fourteenth Amendment, in connection with the disciplinary proceedings arising from the January 13, 2017 conduct report. *Id.*

Federal Rule of Civil Procedure 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id.* 20(a)(2). Working together, these two rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent

prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Applying the *George* rule to this case, the Court cannot allow any of Plaintiff's new allegations—those arising since December 31, 2016—to proceed. First, although Haese is named as a defendant in this case already, he cannot proceed against her on his vague allegations that she has retaliated against him for either exercising his First Amendment rights or by filing this lawsuit. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (identifying elements of First Amendment retaliation claim). He has not even tried to make such a claim, *see* (Docket #17 ¶ 37), and even if he did, the reprisal allegations do not share any common question of law or fact with the existing free exercise claim against Haese, Eckstein, and Donovan, which arose many months prior. Plaintiff might have brought a retaliation claim against Haese had she been the only defendant here, but that is not the situation Plaintiff

faces. As a result, these claims cannot proceed within the context of this litigation.[2]

The same reasoning bars the joinder of Plaintiff's claims relating to the January 13, 2017 conduct report. The relevant defendants, Francios, Bauman, and Brant, have no connection whatsoever to the alleged misconduct surrounding the 2016 Ramadan fast. Whatever the merits of his claim for denial of procedural due process with respect to the conduct report, it has nothing to do with his First Amendment claim which much earlier and against different individuals. Consequently, *George* requires the dismissal of

---

[2]Additionally, Plaintiff's allegations of reprisal fail on their merits. First, despite his complaint that he was placed in administrative segregation after writing to a fellow Muslim, he does not allege who made the decision to place him in segregation. Similarly, Plaintiff suggests that his legal papers were tampered with, but does not name the person he believes is responsible. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Thus, Plaintiff's allegations of wrongdoing without an actor do not state a Section 1983 claim. Moreover, while he claims that Haese received his December 31, 2016 complaint about the rules in his new dorm, he does not allege what she did in response, nor does he allege that she was the person who decided to transfer him to the new dorm. He has therefore failed to alleged facts showing that Haese did anything wrongful in connection with the new dorm or his December 31, 2016 complaint.

these defendants and Plaintiff's procedural due process claim related to the conduct report.[3]

To reiterate: Plaintiff's new allegations in his second amended complaint relating to alleged misconduct occurring on or after December 31, 2016, cannot be brought in this lawsuit. The present action is confined to Plaintiff's allegations of wrongdoing in connection with the 2016 Ramadan fast; it is not a forum for him to air every new disagreement he might have with prison staff. For the reasons stated above and in the Court's prior screening orders, the Court again concludes that Plaintiff will be permitted to proceed only on the following claim: a First Amendment claim against Donovan, Haese, and Eckstein for deprivation of the right to the free exercise of his religion.

Accordingly,

**IT IS ORDERED** that Plaintiff's claim for violation of his due process rights under the Fourteenth Amendment in connection with the January 13,

---

[3]The Court also expresses significant doubt that Plaintiff has properly exhausted the prison administrative grievance procedures for his new claims. The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). It is unlikely that Plaintiff has exhausted the administrative procedures available to him through the Department of Corrections for any of his claims arising since December 31, 2016 because they are of such recent vintage. Indeed, it would be nigh impossible for Plaintiff to exhaust his remedies as to alleged misconduct which occurred last week, as is the case with the disposition of the conduct report and the revocation of his medium-security designation. The Court cautions Plaintiff that he should endeavor to properly exhaust any claim before attempting to bring it before the Court.

2017 conduct report be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants Patrick Brant, Brian Bauman, and Catherine Francios be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge